UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA

v.  CASE NO. : 1:18-cr-11

JERRY WAYNE WILKERSON, *et al*

## AMENDED MOTION FOR USE AND DERIVATIVE USE IMMUNITY FOR A DEFENSE WITNESS AND INCORPORATED MEMORANDUM OF LAW

Defendant Jerry Wayne Wilkerson ("Wilkerson"), by and through undersigned counsel, hereby files this Amended Motion for Use and Derivative Use Immunity pursuant to 18 USC §§ 6002 and 6003, for a defense witnesses, pursuant to E.D. Tenn. LR 5.1 and LR 7.1, and as grounds therefore, states the following:

1. Wilkerson listed witness Lee Ori on its Witness List, filed September 7, 2019.

2. The undersigned makes the following proffer as to the expected testimony of this defense witness:

   Lee Ori is a pharmacist and owner of Paradigm Healthcare Solutions, LLC d/b/a Athena Specialty Pharmacy. Mr. Ori has a doctorate degree in pharmacy as well as many years of experience in retail pharmacy operations, to include compounding. Athena Specialty Pharmacy handled a significant number of compounded prescriptions pursuant to a transfer agreement with Florida Pharmacy Solutions, Inc. Therefore, Mr. Ori and Athena had direct and substantial operational interface with Wilkerson and Top Tier Medical,

1

LLC, to include marketing, co-payment collection, PBM operations, and other matters directly at issue in this case. Specifically, Mr. Ori can testify as to the lack of Express Scripts' prior authorization protocols and dispensing limits regarding Top Tier's Tricare patients. Mr. Ori can testify as to the propriety of Athena's pre-printed compound prescription pads. Mr. Ori can testify that there is no requirement, and even a likely contractual prohibition, as to the Top Tier pharmacy marketers disclosing pharmaceutical costs, efficacy, and potential side effects to patients. Mr. Ori has extensive experience in the marketing of pharmacy operations in general, and as to Top Tier Medical in particular. Mr. Ori can testify that no details regarding Top Tier's pharmacy marketing need or should be disclosed or reported to a PBM or insurance plan. Mr. Ori can testify in detail as to patient co-payment assistance plans and manufacturer co-payment waivers applicable to Top Tier. Mr. Ori can testify that he did not pay any damages or settlement in the civil companion to this case, *United States ex rel. McFarland v. Florida Pharmacy Solutions, Inc., et al*, Case No. 8:15-cv-1708 (M.D. Fla. 2015). Mr. Ori's testimony is probative, relevant, and necessary to show how Top Tier Medical operations were entirely compliant and comparable to other similarly situated pharmaceutical marketing companies.

3. By definition, because the witness's testimony is based on personal knowledge of or participation in the operations of Top Tier Medical and/or Karma Medical Spa,

the witness is necessarily reticent to expose himself to potential liability by offering defense testimony in this case.

4. The very nature of the testimony at issue that makes it necessary and probative, creates justifiable concern of self-incrimination.

5. Title 18 USC § 6002 provides:

> Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—
> (1) a court or grand jury of the United States,
> (2) an agency of the United States, or
> (3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House,
> and the person presiding over the proceeding communicates to the witness an order issued under this title, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

6. Title 18 USC § 6003 provides:

> (a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this title.
> (b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, the

3

Case 1:18-cr-00011-TRM-CHS   Document 323   Filed 10/23/19   Page 3 of 7   PageID #: 3145

> Associate Attorney General, or any designated Assistant
> Attorney General or Deputy Assistant Attorney General,
> request an order under subsection (a) of this section when
> in his judgment—
> (1) the testimony or other information from such individual
> may be necessary to the public interest; and
> (2) such individual has refused or is likely to refuse to
> testify or provide other information on the basis of his
> privilege against self-incrimination.

7. Use and derivative use immunity may be granted by a United States Attorney where the testimony is necessary to the public interest and the person whose testimony is sought has refused or is likely to refuse to testify based upon self-incrimination. *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

8. The Sixth Circuit has narrowly authorized the grant of defense witness immunity to instances of a showing of prosecutorial misconduct, or the "effective defense" exception. *United States v. Emuegbunam*, 268 F.3d 377, 401 and fn. 5 (6th Cir. 2001) ("In *Talley*, we recognized that certain limited situations, in which the government selectively granted immunity to its own witnesses while denying immunity to defense witnesses, might deprive a defendant of a fair trial and so require the judicial remedy of compelled immunity.") *citing United States v. Tally*, 164 F.3d 989, 997 (6th Cir. 1999).

9. "Under the effective defense theory, immunity is available when it is properly sought in the district court, the witness is available to testify, the proffered testimony is both essential and clearly exculpatory, and no strong governmental

4

interests countervail against an immunity grant." *United States v. Mohney*, 949 F.2d 1397, 1401 (6th Cir. 1992).

10. "The effective-defense exception is valid in the 6th Circuit only if the government selectively granted immunity to its own witnesses but denied immunity to the defendant's witnesses [citing *Mohney*]. To do otherwise could deprive the defendant of a fair trial." *United States v. Meda*, 812 F.3d 502, 518 (6th Cir. 2015).

11. While Wilkerson does not have an automatic right to have his witnesses immunized simply because the government relied on immunized witnesses, if the evidence would be "egregiously lopsided" absent a grant of defense witness immunity, then "an unfair trial would otherwise take place." *United States v. Meda*, 812 F.3d at 518.

12. Here, the relief requested is properly sought; the witness has indicated to the undersigned that he is available to testify but will not so testify due to concern of self-incrimination; the witness's testimony will be exculpatory in that the witness will discuss the propriety and compliance of Wilkerson's companies; the undersigned asserts that the testimony at issue is highly relevant and essential to demonstrate through independent and disinterested third parties that Wilkerson's companies were operating in compliance with applicable law; and, the government has not expressed any interests which would argue against the grant of the witness's use immunity.

5

13. Much of the witness's concern as to self-incrimination reflects the particularly low standard of proof, by a preponderance of the evidence, for a grand jury to indict him in this or a parallel case.

14. Further, Lee Ori's pharmacy was previously involved in the civil companion to this Indictment, *United States ex rel. McFarland v. Florida Pharmacy Solutions, Inc., et al.*, Case No. 8:15-cv-1708 (M.D. Fla. 2015), so his concerns as to additional liability have historical basis.

15. As as a matter of balance and fairness, the government has brought the testimony of approximately eight witnesses in this case under use immunity and brought two witness with apparent transactional immunity (with literally dozens of grand jury witnesses being provided use immunity).

16. It would be wholly disproportionate, unfair and prejudicial for the government to be able to generate testimony from witnesses for its case under the grant of immunity from prosecution without such witnesses' need to invoke their constitutional rights to avoid self-incrimination, while concurrently denying the same to a defense witness.

17. The undersigned respectfully suggests that the Court conduct *voire dire* of the witness pursuant to the proffer presented in this Motion in order to adjudicate this Motion.

18. The undersigned has conferred with Mr. Perry Piper, AUSA, the lead prosecutor in this case and Mr. Piper objects to the relief requested in this motion.

WHEREFORE, Wilkerson moves the Court for an Order of Use and Derivative Use Immunity for defense witness Lee Ori.

RESPECTFULLY SUBMITTED this 23rd day of October, 2019,

_/Mark S. Thomas/_
Mark S. Thomas
Florida Bar No. 0001716
THOMAS HEALTH LAW GROUP, P.A.
5200 SW 91st Terrace, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (office)
(855) 629-7101 (fax)
mark@thomashlg.com
Counsel for Defendant Jerry Wayne Wilkerson

_/Seth A. Schwartz/_
Seth A. Schwartz
Florida Bar No. 0739421
Schwartz Law Group, P.A.
10365 Hood Road South, Suite104
Jacksonville, FL 32257
(904) 292-0222 (office)
(904)-292-0044 (fax)
seth@flaattorney.net
Counsel for Defendant Jerry Wayne Wilkerson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above pleading was provided via electronic mail to Perry Piper, Esq., United States Attorney's Office, 1110 Market Street, Suite 515, Chattanooga, TN 34702; Perry.Piper@usdoj.gov; David Eldridge, Esq., Eldridge & Blakney, PC, 400 West Church Avenue, Suite 101, Knoxville, TN 37902, deldridge@eblaw.us; Gianna Maio, Esq., Federal Defender Services, One Central Plaza, Suite 600, 835 Georgia Avenue, Chattanooga, TN 37402, Gianna_Maio@fd.org; Brian O'Shaughnessy, Esq., O'Shaughnessy & Carter, PLLC, 735 Broad Street, Suite 1000, Chattanooga, TN 37402, brian@oandcfirm.com; R. Dee Hobbs, Esq., Hamilton County Attorneys' Office, 204 County Courthouse, 625 Georgia Avenue, Chattanooga, TN 37402, bell.hobbslaw@gmail.com; this 23rd day of October, 2019.

_/Mark S. Thomas/_
Mark S. Thomas